# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FREDDY DUNBAR**<br>    Petitioner<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br>    Respondent | )<br>)<br>)  **Criminal No. 13-10071-NMG**<br>)  **Civil Action No. \_\_\_\_**<br>)<br>) |

### GOVERNMENT'S MOTION FOR SUMMARY DISMISSAL

On Monday March 6, 2017, the United States Supreme Court issued its decision in Beckles v. United States, -- S.Ct.--, 2017 WL 855781 (March 6, 2017). Beckles holds that the Federal Sentencing Guidelines, including §4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. Central to the Beckles' decision is that the Supreme Court's prior decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the residual clause contained in the Armed Career Criminal Act ("ACCA") at 18 U.S.C. §924(e)(2)(B), has no application to the United States Sentencing Guidelines (whether retroactive or otherwise). See Beckles, 2017 WL at *6 ("Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness"); see also United States v. Thompson, -- F.3d --, 2017 WL 1076336, *2 (1st Cir. Mar. 22, 2017) (holding that Johnson does not apply to the Guidelines even despite the government's prior concession that it did). Because Beckles eliminates the factual and legal premise on which the

*Motion allowed. s/Nathaniel M. Gorton, USDJ 9/11/17*